**In re Kenneth L. and Tammy R. DAVIS, Debtors.**

**No. 06–13650.**

United States Bankruptcy Court, S.D. Ohio, Western Division.

May 24, 2007.

---

Gregory M. Wetherall, Cincinnati, OH, for Debtors.

## ORDER GRANTING OBJECTION TO CONFIRMATION

J. VINCENT AUG, Jr., Bankruptcy Judge.

This matter is before the Court on the Debtors' amended plan (Doc. 28), Green Tree Servicing, LLC's objection to confirmation (Doc. 18), the Chapter 13 Trustee's memorandum (Doc. 47), the Debtors' memoranda (Docs. 49, 52) and Green Tree's memorandum (Doc. 53). A hearing was held on April 12, 2007.

The issue before the Court is whether, pursuant to the antimodification provision of 11 U.S.C. § 1322(b)(2), the newly added definition by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") of a "debtor's principal residence" in 11 U.S.C. § 101(13A) prohibits a debtor from modifying a secured claim that is secured by a lien on the debtor's mobile home and a mortgage on the underlying real property.

The following facts are not in dispute. Green Tree has a perfected mortgage on the Debtors' real property. Green Tree also has a perfected security interest on the Debtors' mobile home, which is located on the real property. The title to the mobile home has not been surrendered to the county auditor, thus under Ohio Revised Code § 4504.11(H)(1), the mobile home has not become part of the real property for taxing purposes.

■ The antimodification provision of § 1322(b)(2), both before and after the enactment of BAPCPA, states that a plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence."

Prior to the enactment of BAPCPA, the bankruptcy courts in Ohio could use two tests to determine whether a mobile home was covered by the antimodification provision of § 1322(b)(2). Under the first test, the court would determine whether the certificate of title to the mobile home had been turned over to the county auditor under Ohio Revised Code § 4505.11(H)(1). If so, the mobile home was considered to be part of the real property (rather than being personal property) and, therefore, covered by the antimodification provision. Under the second test, known as a traditional fixture analysis, the court would consider physical annexation of the mobile home, use of the mobile home, and parties' intent. *In re Cluxton*, 327 B.R. 612 (6th Cir. BAP 2005).

BAPCPA did not change the language of § 1322(b)(2). BAPCPA did add a new definition in § 101(13A) for a "debtor's principal residence:"

(A) means a residential structure, including incidental property without regard to whether that structure is attached to the real property; and (B) includes an individual condominium or cooperative unit, a mobile or manufactured home, or trailer.

Green Tree contends that the new definition in § 101(13A) brings the Debtors' mobile home under the protective ambit of § 1322(b)(2) whether or not the certificate of title has been turned over to the county auditor and whether or not the mobile home has been physically attached to the real property. We agree, in view of the rationale set forth by the court in *In re Shepherd,* 354 B.R. 505 (Bankr.E.D.Tenn. 2006). Summarily stated, we agree with the *In re Shepherd* decision that § 101(13A) and § 1322(b)(2) can not be reconciled, that it is appropriate to consider the legislative history of this Code change, and that the legislative history indicates that Congress intended to broaden the scope of § 1322(b)(2) by adding the new definition in § 101(13A).[1] This rationale is further supported by a principal of statutory construction that when there is an inconsistency between two statutes, the later enactment prevails. *Son v. Coal Equity,* 122 Fed.Appx. 797, 800 (6th Cir. 2004).

In the present case, because Green Tree has a perfected lien on both the real property and the mobile home, we conclude that Green Tree has a claim secured only in real property that is the Debtors' principal residence, and therefore, that it is protected by the antimodification provision of § 1322(b)(2).[2]

Accordingly, we hereby GRANT Green Tree's objection to confirmation.

The Debtors shall have 20 days in which to file an amended plan, or this case may be dismissed without further notice or hearing.

IT IS SO ORDERED.

---

1. Although we adopt the legal analysis of the Court in *In re Shepherd* set forth on pages 509 through 512, we express no opinion as to that Court's application of the law to the facts of that case, where the creditor only had a lien on the debtor's mobile home because the debtor owned no real property.

2. It is no longer necessary or appropriate to perform either of the two tests used by the Court prior to the enactment of BAPCPA.